UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SONOSUITE SL, a Spanish limited liability company,<br><br>  Plaintiff,<br><br>  v.<br><br>RHAPSODY INTERNATIONAL INC., a Delaware Corporation,<br><br>  Defendant. | CASE NO. 2:24-cv-00844-JNW<br><br>ORDER |

On September 19, 2025, the Court granted Hollystone Laws' unopposed motion to withdraw as counsel for Defendant Rhapsody International Inc., which left Rhapsody unrepresented. Dkt. No. 20. As corporations may not appear pro se in federal court, the Court ordered substitute counsel to appear within 30 days. *Id.* at 2; *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973–74 (9th Cir. 2004) (quoting *Licht v. Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir.1994) ("It is a longstanding rule that '[c]orporations and other unincorporated associations must appear in court through an attorney.'"). The Court warned Rhapsody that failure to obtain substitute counsel may result in entry of default and default judgment

ORDER - 1

against it. Dkt. No. 20 at 2; *see also Emp. Painters' Tr. v. Ethan Enters., Inc.*, 480 F.3d 993, 998 (9th Cir. 2007) (finding default against corporation proper because the corporation failed to obtain new counsel after its counsel withdrew).

Because Rhapsody filed an answer before its counsel withdrew, entry of default is appropriately ordered as a sanction for failure to comply with the Court's prior order and to participate in the litigation. *See Butscher v. Moore*, 611 F. App'x 456, 457 (9th Cir. 2015); *see also TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 916 (9th Cir. 1987) ("Courts have inherent equitable powers to dismiss actions or enter default judgments for failure to prosecute, contempt of court, or abusive litigation practices."). While such sanctions under the Court's inherent powers are "necessary to enable the judiciary to function," they are not limitless. *TeleVideo Sys., Inc.*, 826 F.2d at 916. Indeed, "[t]he need for orderly administration of justice does not permit violations of due process." *Id*.

Accordingly, the Court ORDERS Defendant Rhapsody to appear through licensed counsel and to show cause why the Court should not strike its answer and direct the Clerk of the Court to enter default against it by no later than December 23, 2025. To ensure Rhapsody has sufficient time to find new counsel and appear, the Court RENOTES SonoSuite's motion for entry of default to December 30, 2025.

ORDER - 2

The Clerk of the Court is DIRECTED to enter this order and to mail a copy to Defendant Rhapsody International Inc.'s address on file.

Dated this 9th day of December, 2025.

                                        Jamal N. Whitehead
                                        United States District Judge

ORDER - 3